# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-520-FDW-DSC

| | |
|---|---|
| DOROTHY BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Reversal and Remand of the Cause to the Defendant. (Doc. No. 15). Defendant's Motion is GRANTED.

The Court orders that, upon remand, the Appeals Council shall direct the administrative law judge (ALJ) to update the record and obtain evidence concerning the physical and mental demands of Plaintiff's past relevant work. The ALJ will obtain vocational expert evidence to assist with identifying the physical and mental demands of Plaintiff's past relevant work as actually and generally performed. The ALJ will also specifically address whether Plaintiff's work at the textile factory was a "composite job" and should clearly articulate and explain the findings made regarding the physical and mental demands of Plaintiff's past relevant work. The ALJ will be instructed to ask the vocational expert whether his or her testimony conflicts with the Dictionary of Occupational Titles, and if it does, the ALJ will obtain an explanation for the conflict and then reconcile the conflict. Finally, the ALJ will proceed through the sequential evaluation process before issuing a new decision.

Therefore, this Court hereby reverses the Commissioner's decision under sentence four of

42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

Signed: July 13, 2011

Graham C. Mullen
United States District Judge